**Ruchell Cinque MAGEE, Petitioner,**

v.

**James ROWLAND, et al., Respondents.**

**No. CV 91–1554 AWT.**

United States District Court,
C.D. California.

June 3, 1991.

Ruchell Cinque Magee, in pro. per.

Daniel Lundgren, Atty. Gen., Alison Braun, Deputy Atty. Gen., Los Angeles, Cal., for respondents.

## ORDER ON REVIEW OF MAGISTRATE JUDGE'S DISCOVERY ORDER

TASHIMA, District Judge.

This proceeding is a state prisoner's petition for writ of habeas corpus. It has been referred to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court. On May 6, 1991, the magistrate judge granted, to a limited extent only, petitioner's application for protective order and for production of documents. The magistrate judge ordered respondents to produce "all documents filed in California Supreme Court proceedings Nos. SO17997 and SO16532." He granted the motion to this extent because petitioner claims to have exhausted his state remedies, but did not have the documents which demonstrated that he had done so. Otherwise, the magistrate judge denied petitioner's application. Petitioner has now "appealed" to the district judge.

The court concludes that an *interim* discovery order, made in a proceeding referred to a magistrate judge under § 636(b)(1)(B), is not subject to an interlocutory appeal to the district judge, by way of motion for review and reconsideration or otherwise. Because there appears to be no case addressing this issue, the court briefly sets forth the reasons for its ruling.

The Magistrates Act clearly contemplates the reference of two types of proceedings to magistrate judges. First, the district judge may refer to a magistrate judge certain "nondispositive"[1] pretrial matters. Rulings on these pretrial motions are subject to review under a "clearly erroneous or contrary to law" standard.[2] 28 U.S.C. § 636(b)(1)(A); F.R.Civ.P. 72(a).

The second type of reference is of "dispositive" matters. As to these matters, the magistrate judge does not make an ultimate, plenary ruling, but makes proposed findings and recommendations to the district judge. If any objection is made to such proposed findings, the matter objected to is subject to *de novo* determination by the district judge. 28 U.S.C. § 636(b)(1)(B); F.R.Civ.P. 72(b). Dispositive matters specifically embraced by § 636(b)(1)(B) include "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." *Id.*

In light of this clear dichotomy, in a proceeding referred to a magistrate judge under § 636(b)(1)(B) for a report and recommendation, an immediate, interlocutory appeal does not lie to the district judge from an *interim* discovery ruling made in that proceeding, as if the discovery motion had been separately referred under § 636(b)(1)(A). Such interlocutory reviews would frustrate the purpose of reference of the entire matter to a magistrate judge for report and recommendation.

If discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings, such as the grant or denial of a motion to amend a pleading or for a more definite statement, denials of motions to dismiss or for summary judgment and the grant or denial of a motion for a continuance, all would be subject to interlocutory review by the district judge. Especially in light of the Supreme Court's recent, broad reading of the Magistrates Act in *McCarthy v. Bronson,* —— U.S. ——, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), the court concludes that such micro-oversight of § 636(b)(1)(B) proceedings was not intended by Congress. It is sufficient and in keeping with the purpose of the Act that all *interim* rulings of the magistrate judge are subject to review

---

1. The "dispositive" and "nondispositive" nomenclature is taken from F.R.Civ.P. 72.

2. The Magistrates Act also clearly implies the applicability of an abuse of discretion standard

of review in certain circumstances. *See Geophysical Sys. Corp. v. Raytheon Co., Inc.,* 117 F.R.D. 646, 647 (C.D.Cal.1987).

when he or she files the proposed findings and recommendations.[3]

IT IS ORDERED that petitioner's application for review of the magistrate judge's discovery order is DENIED without reaching the merits.

---

**3.** The court need not and does not address the *standard of review* applicable to interim rulings challenged on final review in a § 636(b)(1)(B) proceeding. *See West v. Redman,* 530 F.Supp. 546 (D.Del.1982), which addresses this issue.