titioner, and the interests of *the public*." (emphasis added)).

In this case, the only release of information from Gonzalez's juvenile court case files took place during the two depositions conducted in connection with Gonzalez's § 1983 case, and there is no allegation that Spencer revealed information from the files more broadly than to those who participated in the depositions. The first deponent was a court employee, who, as "court personnel" under § 827(a)(1)(A), is entitled to "inspect" the file. The other deponent was Gonzalez himself, who can hardly be considered a member of the public for purposes of § 827 and Rule 1423.

There is really not much to Gonzalez's case. The sum total is that Spencer gained access to his juvenile court file while representing the juvenile court in the course of defending against a suit brought by Gonzalez, and that Spencer used information from the file in deposing a court employee and Gonzalez. I would hold that, in those circumstances, Spencer violated neither § 827 nor Rule 1423. Because Spencer violated neither § 827 nor Rule 1423, she could not have violated any federal constitutional right of privacy based on a settled expectation arising out of state law. I would therefore affirm the district court's dismissal of Gonzalez's § 1983 suit.

Joseph HUNT, Petitioner–Appellant,

v.

Cheryl PLILER, Warden CSP–Sac; Cal Terhune, Director of the CDC; California Department of Corrections; California State Attorney General, Respondents–Appellees.

No. 01–56963.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Filed June 5, 2003.

Amended July 8, 2003.

Eric S. Multhaup, Mill Valley, CA, for the petitioner-appellant.

Richard B. Cullather, Deputy Attorney General, for the respondents-appellees.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

SCHWARZER, Senior District Judge.

Joseph Hunt appeals the dismissal with prejudice of his habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we vacate and remand because the district court failed to proceed in conformity with 28 U.S.C. § 636.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 1987, Joseph Hunt was convicted by a jury of the murder and robbery of Ronald Levin, and the special circumstance of robbery. He was sentenced to life in prison without possibility of parole. After unsuccessfully challenging his conviction in the state court system, Hunt on August 31, 1998, filed in the district court, *pro se*, a First Amended Habeas Petition. Respondents moved to dismiss, contending that many of Hunt's claims were not exhausted. There ensued a tortuous procedural hegira, which we now review.

On November 22, 1999, the magistrate judge issued a document styled "Memorandum and Order Re Respondent's Motion to Dismiss." He found that of the seventy-one claims presented in the First Amended Petition, twenty-seven were fully exhausted, five were partially exhausted, thirty-six were unexhausted, and three did not state a federal claim. He concluded that "unless Petitioner elects to move for leave to file a Second Amended Petition containing only exhausted claims, this Court will be required to dismiss the entire action without prejudice." The magistrate judge further advised that "Petitioner risks forfeiture of the unexhausted

claims ... if he elects to file a Second Amended Petition containing only exhausted claims and later attempts to file a second federal habeas action after exhausting his state remedies." Rather than issuing a report and recommendation for district court review, as required by 28 U.S.C. § 636(b)(1)(B), the magistrate judge issued an order granting time to file a motion for leave to file a Second Amended Petition containing only exhausted claims or, alternatively, a request for voluntary dismissal without prejudice. He warned that failure to timely file a motion for leave to file such a petition "shall be construed as either his consent to dismissal of the action for failure to prosecute or disobedience with a Court Order warranting the dismissal of the action with prejudice pursuant to Fed. R.Civ.P. 41(b)."

On December 8, 1999, Hunt filed an application directed to the district judge, for an order extending the time within which to file a Second Amended Petition pending resolution of his objections to the magistrate judge's order filed concurrently. Hunt objected to the November 22 order on the grounds that "the Magistrate wrongfully found nonexhaustion as to several issues."

The district judge ruled neither on Hunt's objections nor on his application for an extension of time. Instead, on December 20, the magistrate judge issued an order stating that "[i]n light of the filing of an objection to the magistrate's 'Recommendation and Order ...' Petitioner will have 30 days from notice of this Court's ruling on the Objection in which to file a motion for leave to file a Second Amended Petition."

On July 20, 2000, the *magistrate judge* issued an order responding to what he referred to as "timely Objections . . . to the magistrate judge's non-dispositive Memorandum and Order . . . filed November 22, 1999." The order stated that objections to the magistrate judge's rulings on exhaustion "are reserved and are subject to further review by [the district judge]." Nonetheless, the order directed that "if Petitioner wishes to proceed in this matter" he must file a motion for leave to file a Second Amended Petition by August 18, 2000. The order advised Hunt that if he elected to stand on his First Amended Petition the case could not proceed further since it was based on a mixed petition. Further, the order warned that the magistrate judge would recommend to the district judge that the First Amended Petition be dismissed without prejudice as a mixed petition.

On July 31, 2000, Hunt again directed objections to the district judge, reasserting his objections to the November 22 order as well as to the July 20 order. He argued that if he were to file a Second Amended Petition before the court ruled on his objections it might moot his objections because the claims would no longer be pending before the court. The district judge did not rule on the objections, but on August 11, the magistrate judge issued an order extending until October 2, 2000, Hunt's time to file a motion for leave to file a Second Amended Petition along with a petition "complying with the magistrate judge's November 22, 1999, Memorandum and Order and July 20, 2000, Order Re Petitioner's Objections," and denying the application for clarification of the July 20 order.

Meanwhile, on February 23, 2000, Hunt had filed another state habeas corpus petition with the California Supreme Court to obtain confirmation that all his federal claims had previously been presented to that court and thus had been exhausted. On August 9, 2000, the California Supreme Court denied Hunt's habeas petition by order stating: "Petition for writ of habeas corpus is denied. (*In re Waltreus* (1965) 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001; *In re Miller* (1941) 17 Cal.2d 734, 735, 112 P.2d 10; *In re Clark* (1993) 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729)."

Following receipt of the Supreme Court's order, Hunt, on September 8, 2000, filed an application directed to the district judge and the magistrate judge to vacate the magistrate judge's earlier nonexhaustion findings in light of the Supreme Court's August 9 order. Hunt argued that the citations to *In re Waltreus* and *In re Miller* are "an explicit determination by the California Supreme Court that they view the sum total of what Petitioner presented to them as a *relitigation* of claims Petitioner has previously presented to them." The court's rejection of his petition, Hunt argued, confirmed that his claims were exhausted prior to his first federal filing.

On September 14, the magistrate judge denied Hunt's application, stating that "[p]etitioner's assertion that he exhausted his unexhausted claims by presenting them to the California Supreme Court subsequent to commencing this action is irrelevant to this Court's prior determination that the First Amended Petition contains unexhausted claims," citing *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir.1999), and *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir.1993), *appeal after remand*, 46 F.3d 1139 (9th Cir.1995). The order reminded Hunt that he had until October 2 to file a motion for leave to file a Second Amended Petition.

On December 19, the district judge denied Hunt's request to vacate the magis-

trate judge's September 14 order, ruling that "Petitioner ... cannot rely on a later-filed state habeas petition to exhaust claims that were not exhausted at the time his federal petition was filed." The order gave Hunt until January 16, 2001, to file a motion for leave to file a Second Amended Petition.

On January 18, 2001, Hunt lodged a proposed Second Amended Petition, including all but one of the claims previously found to be unexhausted plus a number of new claims, contending that the Supreme Court's order confirmed that they had all been exhausted. Hunt simultaneously lodged a Third Amended Petition, which he contended contained only exhausted claims, and requested it be held in abeyance pending adjudication of the Second Amended Petition. On January 31, 2001, the magistrate judge, declining to follow this court's recent decision in *Anthony v. Cambra*, 236 F.3d 568(9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001), denied leave to amend on the ground that under earlier Ninth Circuit decisions exhaustion must be established "*before* coming to federal district court." The magistrate judge gave Hunt until February 20, 2001, to move for leave to file a Third Amended Petition containing only exhausted claims or, alternatively, to stand on his First Amended Petition containing unexhausted claims, which would lead to a recommendation to dismiss. Failure to pursue either course, the magistrate judge advised, would be construed as either consent to dismissal for failure to prosecute or disobedience of the court's order warranting dismissal with prejudice. The magistrate judge did not inform Hunt of the stay and abey procedure.

On February 23, 2001, Hunt objected to the magistrate judge's January 31 order disposing of the Second Amended Petition, contending he was entitled to district court review of dispositive orders pursuant to 28 U.S.C. § 636(b). Further, he applied for an order permitting him to make an election as to how he would proceed after the district judge reviewed his objections to the January 31 order denying leave to file the Second Amended Petition. The district judge never acted on this application.

On March 26, the magistrate judge issued a Report and Recommendation, recommending that Hunt's request for a stay pending adjudication of his objections to the January 31 order (denying leave to file a Second Amended Petition) be denied, that the First Amended Petition be dismissed as a mixed petition, and that the action be dismissed with prejudice for failure to prosecute and obey the court's orders. Following the filing of objections by Hunt, the magistrate judge, on August 27, 2001, rejected the objections, ruled that "there is no authority authorizing a district court to hold a mixed petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims," and reiterated his prior recommendation.

On the same day, the district judge issued an order, stating that he "has made a *de novo* determination," and adopting the magistrate judge's Reports and Recommendations, denying the application for a stay, granting the motion to dismiss the First Amended Petition as mixed, and directing entry of judgment dismissing the action with prejudice.

## DISCUSSION

■ This appeal is before us on the district court's Certificate of Appealability stating two issues: (1) whether the district court abused its discretion in dismissing the action with prejudice for failure to prosecute and failure to obey court orders; and (2) whether the First Amended Petition was properly dismissed as a mixed

petition. Review of dismissal of a habeas corpus petition is *de novo. Park v. California*, 202 F.3d 1146, 1149 (9th Cir.2000), *cert. denied*, 531 U.S. 918, 121 S.Ct. 277, 148 L.Ed.2d 202 (2000).

## I. THE DISTRICT COURT ABUSED ITS DISCRETION IN DISMISSING THE ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS

### A. The District Court Abused Its Discretion by Failing To Comply With the Statutory Procedure

A district judge may not designate a magistrate judge to hear and determine a motion to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A);[1] *see Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir.1978); *see also Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir.1993) (" '[I]t was not intended that the magistrate would have the power to hear and determine dispositive motions[; i]t was only intended that a judge could assign a dispositive motion to a magistrate for hearing and submission of proposed findings and recommendation to the judge for ultimate disposition.' ") (quoting *Taylor*, 575 F.2d at 154 (second alteration in original)). A judge may, however, under § 636(b)(1)(B), designate a magistrate judge to hear a motion to dismiss and submit proposed findings of fact and rec-

ommendations for the disposition of such a motion.[2] Where a party files written objections to the proposed disposition, "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record." Fed.R.Civ.P. 72(b). *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991) ("[W]ith respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, de novo.").

These statutory directives were ignored by the district court. Respondents' motion to dismiss the First Amended Petition as mixed was a dispositive matter. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (holding that a mixed petition must be dismissed). Thus, the magistrate judge's November 22 Memorandum and Order determining Respondents' motion to dismiss Hunt's First Amended Petition as mixed exceed his statutory authority. The magistrate judge did not submit proposed findings and recommendations with respect to that motion as required by § 636(b)(1)(B). And although Hunt filed objections to that order the district judge did not review it, much less did he make a *de novo* determination. *See United States v. Reyna–Tapia*, 328

---

1. 28 U.S.C. § 636(b)(1)(A) provides:

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has

been shown that the magistrate's order is clearly erroneous or contrary to law.

2. 28 U.S.C. § 636(b)(1)(B) provides:

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial[sic] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

F.3d 1114, 1121 (9th Cir.2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise.") (en banc). Instead, in his December 19, 2000, order, the district judge merely passed on the procedure by which Hunt had sought to have the Supreme Court confirm that his claims had been exhausted. Ultimately, the district court summarily dismissed the petition as mixed without review of the magistrate judge's determination. That dismissal, moreover, was with prejudice on the basis of the magistrate judge's unreviewed finding that Hunt had failed to prosecute the action and disobeyed the court's orders.

As noted, in making his November 22, 1999, determination that Hunt's petition was mixed, the magistrate judge, instead of submitting proposed findings and recommendations, issued an order, not authorized by the statute, that required Hunt to forfeit the claims he found unexhausted or face dismissal of the entire petition, effectively with prejudice because any newly filed petition would be barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Hunt duly filed objections to the order but the district judge failed to make the *de novo* determination required by § 636. Under § 636(b)(1)(B) the "authority and the responsibility to make an informed, final determination rests with the judge.... The delegation of duties to the magistrate does not violate Article III if the ultimate decision is made by the district court." *Britt v. Simi Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.1983) (citing *United States v. Raddatz,* 447 U.S. 667, 682–83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). This court has emphasized that "the district court must actually exercise its discretion, rather than summarily accepting or denying" the magistrate judge's findings. *United States v. Howell,* 231 F.3d 615, 622 (9th Cir.2000), *cert. denied,* 534 U.S. 831, 122 S.Ct. 76, 151 L.Ed.2d 40 (2001). Here the district court failed to exercise its discretion.

In his Final Report of August 27, 2001, the magistrate judge stated that his orders were proper because they were not claim dispositive on the theory that a magistrate judge can dismiss a complaint with leave to amend without court approval, citing *McKeever,* 932 F.2d at 798. But the orders in this case can hardly be considered equivalent to a dismissal with leave to amend because they compelled Hunt to abandon claims he contended had been exhausted or face dismissal of his entire petition with prejudice. Moreover, as *McKeever* notes, "District court review of even these non-dispositive matters ... can be compelled upon objection of the party against whom the magistrate has ruled." *Id.* (citing Fed.R.Civ.P. 72(a)). Yet despite Hunt's objections, the district judge failed to review the magistrate judge's non-exhaustion findings.

The magistrate judge asserted that the district judge *had* reviewed the November 22 order. However, the district judge's review of Hunt's objections in his December 19 order was limited to the following statement: "having reviewed Petitioner's Objections, the magistrate judge's September 14, 2000, Minute Order, and the two Applications filed by Petitioner on September 8, 2000, the Court finds that Petitioner's arguments are not persuasive." The September 14, 2000, order referred to determined only that Hunt's presentation of his claims to the California Supreme Court subsequent to the filing of this action was irrelevant to the magistrate judge's prior determination that the First Amended Petition contained unexhausted claims.

Thus, the district judge's order did not address the November 22, 1999, order.

Respondents do not address the failure to review that order. They argue that Hunt was not entitled to what respondents refer to as an "immediate interlocutory appeal" of the January 31 order denying leave to file a Second Amended Petition, but the argument misses the point, i.e., the district court's failure to follow the statutory procedure. In any event, Respondents' position finds no support in their citation to *Magee v. Rowland*, 764 F.Supp. 1375 (C.D.Cal.1991), which held that an interlocutory appeal does not lie from an interim discovery order.

Because the procedure leading to the dismissal of Hunt's First Amended Petition with prejudice failed to comply with § 636 and Rule 72, depriving Hunt of the right to *de novo* review of the magistrate judge's pivotal determination that the First Amended Petition contained unexhausted claims, the district court abused its discretion.

B. The District Court Abused Its Discretion By Dismissing the Petition With Prejudice for Failure To Prosecute and To Comply With Court Orders

In *Rose v. Lundy*, the Supreme Court held that a mixed federal habeas petition—one containing both exhausted and unexhausted claims—must be dismissed without prejudice. 455 U.S. at 522, 102 S.Ct. 1198. The Court directed district courts to give petitioners the choice of returning to state court to exhaust their claims or of amending their petition to present only exhausted claims. *See id.* at 510, 102 S.Ct. 1198; *Anthony*, 236 F.3d at 573. It is true, as the magistrate judge observed in his Final Report, that Hunt never requested a stay of his petition pending exhaustion of unexhausted claims. But, on January 18, 2001, Hunt did request that his Third Amended Petition, which he contended contained only exhausted claims, be held in abeyance until the district court determined whether it would accept his Second Amended Petition, which was mixed. Further, Hunt filed objections to the magistrate judge's finding that the First Amended Petition contained unexhausted claims and requested a stay of the Memorandum and Order pending resolution of his objections by the district court. Had the district court considered the objections and ruled in Hunt's favor there would have been no need to return to state court. Therefore, Hunt was entitled to stand on his First Amended Petition pending a ruling by the district court on his objections without incurring sanctions for failing to prosecute or not complying with court orders, and the court's imposition of sanctions—the dismissal with prejudice for failure to prosecute and obey court orders—was an abuse of discretion.

II. THE FIRST AMENDED PETITION WAS IMPROPERLY DISMISSED AS A MIXED PETITION

The parties argue at length over whether the magistrate judge correctly determined that certain claims in the petition were unexhausted. As we explain below, we need not resolve that issue.

 Rather than determining whether the petition contained unexhausted claims, the district court determined that all claims had to have been exhausted at the time the petition was filed. That ruling was in error. As we stated in *Kelly v. Small*, 300 F.3d 1159 (9th Cir.2002), *reprinted as amended*, 315 F.3d 1063 (2003), *cert. denied*, —— U.S. ——, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), "[a] state prisoner is required to exhaust all available state court remedies *before a federal court may grant him habeas relief.*" 315 F.3d at

1066 (emphasis added). Our cases contemplate that district courts may stay and abey a mixed petition, permitting petitioner to return to state court and exhaust unexhausted claims. *Id.* at 1070; *James v. Pliler,* 269 F.3d 1124, 1126–27 (9th Cir. 2001) (stating that district court may in its discretion hold exhausted claims in abeyance until the unexhausted claims are exhausted and then allow petitioner to amend the stayed petition to add the now-exhausted claims); *Anthony,* 236 F.3d at 575 ("Our precedent unequivocally authorizes district courts to stay fully exhausted federal petitions pending exhaustion of other claims."); *Calderon v. United States Dist. Court (Taylor),* 134 F.3d 981, 987–88 (9th Cir.1998) (same). It would make little sense to give district courts discretion to stay petitions containing exhausted claims pending exhaustion of other claims if post-filing exhaustion could not be recognized.

The cases cited in the district court's order are not to the contrary. *Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000), *as amended by* 247 F.3d 904 (2001), simply reiterates black letter law respecting the need to raise the federal law claim in state court to satisfy the exhaustion requirement. In *Gatlin v. Madding,* the court declined to consider the state court's ruling denying a petition that was not filed until after the notice of appeal had been filed in the district court. *Gatlin,* 189 F.3d at 889. And in *Brown v. Maass,* the court rejected the state's contention that Brown had procedurally defaulted on the ground that he had not then exhausted his state remedies. *Brown,* 11 F.3d at 915. *Brown* does not stand for the proposition that in determining whether claims are exhausted, the district court may only consider evidence presented at the time of filing of the petition.

■ Because the district court, in dismissing the First Amended Petition, acted on the premise that all claims had to have been exhausted at the time the petition was filed, it did not advise Hunt that he had the option to stay his First Amended Petition after dismissal of unexhausted claims to permit him to exhaust those claims and then add them by amendment to his stayed petition, as it was obliged to do. *Kelly v. Small,* 315 F.3d at 1070; *see also Ford v. Hubbard,* 305 F.3d 875, 883–84 (9th Cir.2002), *as amended by* 330 F.3d 1086 (9th Cir.2003) (stating that district judge is obligated to inform *pro se* litigant of his options with respect to his mixed petition).

Neither the magistrate judge nor the district judge considered the alternative of staying the petition after dismissal of unexhausted claims to permit Hunt to exhaust those claims, nor did they inform Hunt of this option. Had Hunt been so informed, the protracted proceedings in which he sought to protect his ability to proceed on claims he believed to have been exhausted—and which eventually resulted in the dismissal with prejudice—would have been avoided.

We conclude that under the circumstances presented by this record, the failure to advise Hunt of his options with respect to the First Amended Petition renders its dismissal improper.

## III. REASSIGNMENT

■ Finally, Hunt requests that this court remand his case for further proceedings before a different judge. "Absent proof of personal bias on the part of the district judge, remand to a different judge is proper only under unusual circumstances." *United States v. Reyes,* 313 F.3d 1152, 1159 (9th Cir.2002).

■ In making this determination, the court must consider three factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Medrano v. City of Los Angeles,* 973 F.2d 1499, 1508(9th Cir.1992), *cert. denied,* 508 U.S. 940, 113 S.Ct. 2415, 124 L.Ed.2d 638 (1993) (*quoting United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir.1979)). "The first two of these factors are of equal importance, and a finding of one of them would support a remand to a different judge." *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986).

█ Here, there is no evidence of previously expressed views on the part of the district judge. If anything, he displayed indifference to Hunt's case and deferred dispositive decisions to the magistrate judge. Further, there is no reason to believe that the district judge would have "substantial difficulty" in carrying out this court's mandate. Finally, it is not necessary to reassign this case to "preserve the appearance of justice." Accordingly, we deny Hunt's request for assignment of the case to a different judge.

## IV. REMAND

We remand to the district court for a *de novo* review of the magistrate judge's November 22, 1999, order. If the court finds the petition to be mixed, the court should advise Hunt of his option to dismiss the unexhausted claims and stay the First Amended Petition pending return to state court to exhaust those claims.

We accordingly vacate the judgment and remand for proceedings consistent with this opinion.

VACATED AND REMANDED.