**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Homer Earl GIBBS, Defendant–**
**Appellant.**

**No. 06–50097.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Nov. 27, 2006.

Christopher M. Alexander, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER Circuit Judges.

## MEMORANDUM *

Homer Earl Gibbs appeals the determination that he violated a term of supervised release and also appeals his sentence arising out of that violation. We reverse and remand.

Gibbs asserts that his admission to violation of a term of supervised release was not knowing, intelligent and voluntary. We agree. Gibbs, among other things, had the constitutional right "to present witnesses and documentary evidence" and, generally, the constitutional right "to confront and cross-examine adverse witnesses." *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *see also Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *United States v. Stocks,* 104 F.3d 308, 310–12 (9th Cir.1997). The same is required by rule. *See* Fed. R.Crim.P. 32.1(b)(2). No doubt, those constitutional rights can be waived so long as the waiver is knowing, intelligent and voluntary. *Stocks,* 104 F.3d at 312. In determining that, we look to the totality of circumstances as shown by the record. *See id.*

However, there is nothing in this record to indicate that Gibbs knew about his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rights,[1] much less that he made a voluntary and intelligent waiver of them. We cannot presume that he did when we are faced with a silent record. *See Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). The defect is structural because the whole framework of the proceeding was too rickety where Gibbs had no knowledge of his right to present witnesses and to confront those against him. *See Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302 (1991); *Conde v. Henry,* 198 F.3d 734, 741 (9th Cir.2000); *United States v. Noushfar,* 78 F.3d 1442, 1445 (9th Cir.1996). Thus, we must reverse.[2]

REVERSED and REMANDED.[3]

1. In *Stocks,* 104 F.3d at 312, the record showed that the defendant had received information about his rights at a modification hearing. There is no similar showing here regarding Gibbs' rights at a revocation hearing.

2. This holding moots Gibbs' alternate argument that the district court failed to properly explain its decision to sentence him to 24 months of imprisonment for his violation when the Guideline policy statement suggested a range of 8–14 months for the type of violation he committed. However, upon re-sentencing, if any, we strongly encourage the district court to be more explicit regarding its consideration of the various factors that enter into the sentencing alchemy, and regarding the reasons for its determination that the sentence is proper. *See* 18 U.S.C. § 3583(e). A failure to consider the required factors would be an abuse of discretion.

3. We see no reason to order this case assigned to a different district judge and we decline so to do. *See Jefferson v. Budge,* 419 F.3d 1013, 1017 (9th Cir.2005); *Hunt v. Pliler,* 384 F.3d 1118, 1125–26 (9th Cir.2004); *United States v. Peyton,* 353 F.3d 1080, 1091 (9th Cir.2003).

