NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESLI JOEL ALVAREZ, | No. 10-55472 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-00931-MMM-RC |
| v. | |
| M. KNOWLES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

Esli Joel Alvarez appeals the district court's dismissal of his habeas corpus

petition. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

I

The district court did not abuse its discretion in denying the motion to stay and abate.[1] *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (describing standard). "[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court has the discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275. However, the "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

Before the district court, Alvarez identified two reasons for his failure to exhaust: (1) he was *pro se*; and (2) the prison in which he was housed was on lock down for much of the time he was there, and he only had limited access to materials. The district court thoroughly reviewed these justifications and

---

[1] Respondent contends that this issue is uncertified and should not be considered. "[U]ncertified issues raised on appeal 'will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate.'" *Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010) (quoting 9th Cir. R. 22-1(e)). We so construe petitioner's brief, and grant the motion to expand the COA because "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

concluded, under the circumstances presented by the case, that the reasons did not constitute good cause. This was consistent with *Rhines* and *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

## II

Alvarez argues for the first time on appeal that the magistrate judge did not comply with the Federal Magistrate Judge Act and Federal Rule of Civil Procedure 72 in ordering Alvarez to amend his petition to remove unexhausted claims or have his petition dismissed. *See* 28 U.S.C. § 636. The magistrate judge should have submitted that initial order to the district judge for approval. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). However, the issue was ultimately presented to the district court as part of the magistrate judge's final Report and Recommendation. That Report concluded "that the habeas corpus petition was a 'mixed' petition, based on petitioner's candid statement that he had not yet exhausted Grounds Five through Ten, and, as such, it must be dismissed without prejudice." The district court conducted *de novo* review and "adopt[ed] the report in its entirety." Under these circumstances, any defect was cured, and we see no error in the district court's purported failure to grant leave to amend *sua sponte*.

At most, the magistrate judge's early order simply resulted in Alvarez's petition containing only two unexhausted claims rather than eight. Because the

3

district court found no good reason for failure to exhaust the remaining claims in dismissing the mixed petition, and because Alvarez does not contend that the claims he dismissed in response to the magistrate judge's order were in fact exhausted, the outcome below was not affected by the magistrate judge's order.

**AFFIRMED.**

*Alvarez v. Knowles*, No. 10-55472

THOMAS, Circuit Judge, dissenting:

I respectfully dissent because the magistrate judge did not comply with the Federal Magistrate Judge Act and Federal Rule of Civil Procedure 72 in ordering Alvarez to amend his petition to remove unexhausted claims or have his petition dismissed, and the error deprived Alvarez of his right to district court review of a dispositive order. *See* 28 U.S.C. § 636.[1]

The magistrate judge required Alvarez to amend his petition to remove grounds 5 through 10 or have his entire petition dismissed. That was a dispositive order that should have been presented to the district court for de novo review. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004); 28 U.S.C. § 636; Fed. R. Civ. P. 72. The order was only mentioned in the magistrate judge's report and recommendation long after the order was issued and the claims were removed, and it was never addressed by the district court.

"[T]he magistrate judge, instead of submitting proposed findings and recommendations, issued an order, not authorized by the statute, that required [Alvarez] to forfeit the claims [s]he found unexhausted or face dismissal of the entire petition." *Hunt*, 384 F.3d at 1124. This act was an abuse of discretion that

---

[1] I agree with the majority that the district court did not abuse its discretion in denying the stay and abey order, but find it unnecessary to reach that question.

deprived Alvarez "of the right to de novo review by the district court of the magistrate judge's pivotal determination." *Id.* at 1125. This error was not cured by the subsequent district court order; indeed, the procedural posture of this case is indistinguisable from *Hunt*. Because I conclude that this case cannot be reconciled with *Hunt*, I must respectfully dissent.