MEMORANDUM *
Esli Joel Alvarez appeals the district court’s dismissal of his habeas corpus petition. We affirm.
*808 I
The district court did not abuse its discretion in denying the motion to stay and abate.[1] See Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (describing standard). “[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.” Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 879 (1982). A district court has the discretion to “stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.” Rhines, 544 U.S. at 275, 125 S.Ct. 1528. However, the “stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner’s failure to exhaust his claims first in state court.” Id. at 277, 125 S.Ct. 1528.
Before the district court, Alvarez identified two reasons for his failure to exhaust: (1) he was pro se; and (2) the prison in which he was housed was on lock down for much of the time he was there, and he only had limited access to materials. The district court thoroughly reviewed these justifications and concluded, under the circumstances presented by the case, that the reasons did not constitute good cause. This was consistent with Rhines and Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir.2008).
II
Alvarez argues for the first time on appeal that the magistrate judge did not comply with the Federal Magistrate Judge Act and Federal Rule of Civil Procedure 72 in ordering Alvarez to amend his petition to remove unexhausted claims or have his petition dismissed. See 28 U.S.C. § 636. The magistrate judge should have submitted that initial order to the district judge for approval. Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir.2004). However, the issue was ultimately presented to the district court as part of the magistrate judge’s final Report and Recommendation. That Report concluded “that the habeas corpus petition was a ‘mixed’ petition, based on petitioner’s candid statement that he had not yet exhausted Grounds Five through Ten, and, as such, it must be dismissed without prejudice.” The district court conducted de novo review and “adopt[ed] the report in its entirety.” Under these circumstances, any defect was cured, and we see no error in the district court’s purported failure to grant leave to amend sua sponte.
At most, the magistrate judge’s early order simply resulted in Alvarez’s petition containing only two unexhausted claims rather than eight. Because the district court found no good reason for failure to exhaust the remaining claims in dismissing the mixed petition, and because Alvarez does not contend that the claims he dismissed in response to the magistrate judge’s order were in fact exhausted, the outcome below was not affected by the magistrate judge’s order.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Respondent contends that this issue is un-certified and should not be considered. "[UJncertified issues raised on appeal ‘will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate.’ ” Towery v. Schriro, 641 F.3d 300, 311 (9th Cir.2010) (quoting 9th Cir. R. 22 — 1(e)). We so construe petitioner’s brief, and grant the motion to expand the COA because “jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).