*809 THOMAS, Circuit Judge,
dissenting:
I respectfully dissent because the magistrate judge did not comply with the Federal Magistrate Judge Act and Federal Rule of Civil Procedure 72 in ordering Alvarez to amend his petition to remove unexhausted claims or have his petition dismissed, and the error deprived Alvarez of his right to district court review of a dis-positive order. See 28 U.S.C. § 636.[1]
The magistrate judge required Alvarez to amend his petition to remove grounds 5 through 10 or have his entire petition dismissed. That was a dispositive order that should have been presented to the district court for de novo review. Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir.2004); 28 U.S.C. § 636; Fed.R.Civ.P. 72. The order was only mentioned in the magistrate judge’s report and recommendation long after the order was issued and the claims were removed, and it was never addressed by the district court.
“[T]he magistrate judge, instead of submitting proposed findings and recommendations, issued an order, not authorized by the statute, that required [Alvarez] to forfeit the claims [s]he found unexhausted or face dismissal of the entire petition.” Hunt, 384 F.3d at 1124. This act was an abuse of discretion that deprived Alvarez “of the right to de novo review by the district court of the magistrate judge’s pivotal determination.” Id. at 1125. This error was not cured by the subsequent district court order; indeed, the procedural posture of this case is indistinguisable from Hunt. Because I conclude that this case cannot be reconciled with Hunt, I must respectfully dissent.

. I agree with the majority that the district court did not abuse its discretion in denying the stay and obey order, but find it unnecessary to reach that question.