**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA J. FLAM, AKA Mrs. Gale, *Plaintiff-Appellee*, <br><br> v. <br><br> MARSHALL S. FLAM, M.D., *Defendant-Appellant*. | No. 12-17285 <br><br> D.C. No. 1:12-cv-01052-AWI-DLB <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted
January 14, 2015—San Francisco California

Filed June 8, 2015

Before: Diarmuid F. O'Scannlain and Richard R. Clifton,
Circuit Judges and Jed S. Rakoff,* Senior District Judge.

Opinion by Judge O'Scannlain

---

* The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Magistrate Judges

The panel reversed the district court's judgment remanding a removed case to state court following a magistrate judge's grant of a motion for remand.

The panel held that a remand order made under 28 U.S.C. § 1447(c) is not within the power of a magistrate judge to issue under 28 U.S.C. § 636. Following the functional approach adopted by the Third, Sixth, and Tenth Circuits, the panel held that a motion to remand is a dispositive motion because remand orders put litigants out of federal court. Thus, a magistrate judge presented with a motion for remand should provide a report and recommendation to the district court. The panel held that 28 U.S.C. § 1447(d) did not bar review of the magistrate judge's order.

The panel remanded the case to the district court with instructions to consider the motion to remand in the first instance or to request that the magistrate judge prepare a report and recommendation regarding the motion.

### COUNSEL

Wiley R. Driskill, Campagne, Campagne, & Lerner, Fresno, California, argued the cause on behalf of the defendant-appellant Dr. Marshall Flam. With him on the briefs was

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Thomas E. Campagne, Campagne, Campagne, & Lerner, Fresno California.

William S. Ryden, Jaffe and Clemens, Beverly Hills, California, argued the cause on behalf of the plaintiff-appellant Ms. Laura Flam. With him on the brief was Mark E. Mahler, Jaffe and Clemens, Beverly Hills, California.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a magistrate judge is empowered to issue an order remanding a removed case to state court, and whether such an order, once made, may be reviewed by the district court.

### I

This case began with a dispute related to the division of pension assets after a divorce. Laura Flam filed suit in Fresno County Superior Court in June 2012, alleging that Dr. Marshall Flam failed to perform certain duties related to her portion of a pension account. The account was held jointly by the two before their divorce but, while Ms. Flam received a separate account as part of the divorce proceedings, Dr. Flam remained the pension fund's trustee. Ms. Flam alleges that Dr. Flam failed to provide her with certain account statements required by law, and also contends that he breached his spousal fiduciary duties by failing to inform her when he transferred the pension account's assets from one brokerage house to another in 2007.

Dr. Flam timely removed the case to the Eastern District of California based on federal question jurisdiction, arguing that Ms. Flam's lawsuit is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq. ("ERISA"). Ms. Flam subsequently moved to remand the case to state court. The magistrate judge assigned to the case then issued an order remanding the case to state court. Dr. Flam timely filed a motion for reconsideration of the removal order by the district court, as allowed by Eastern District of California Local Rules. E.D. Cal. Local Rule 303.

The district court refused to entertain the motion for reconsideration, however. The court reasoned that 28 U.S.C. § 1447(d), which states in part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," barred any review of the magistrate judge's order. It explained that 28 U.S.C. § 1447(d) barred review because "the Magistrate Judge's remand order was issued, . . . the case was closed, . . . [and] certification was sent to the Fresno County Superior Court." Dr. Flam appeals from the district court's denial of reconsideration.

II

We have jurisdiction to review the district court's order denying reconsideration because that decision is final under 28 U.S.C. § 1291. *See Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1278 (9th Cir. 2010). We do not review the magistrate judge's remand order itself, but instead review the merits of the district court's legal determination that the magistrate's order was not reviewable.

III

In order to decide the questions presented by this case, we must resolve two issues. First, we must determine whether a remand order made under 28 U.S.C. § 1447(c) is within the power of a magistrate judge to issue under 28 U.S.C. § 636. Second, we must determine whether 28 U.S.C. § 1447(d) bars review of a magistrate court's remand order even if such an order is beyond the power of a magistrate judge to issue. Because the answer to the first question informs the answer to the second, we address each in turn.

A

1

"The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc). The Act "provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions [and] petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations." *Id*. (footnotes omitted).

The textual basis for the distinction between dispositive and non-dispositive motions is found in 28 U.S.C. § 636(b)(1). Section 636(b)(1)(A) states that a magistrate judge may "hear and determine any pretrial matter pending before the court except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant,

to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). In turn, 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge" to submit "findings of fact and recommendations for the disposition" of any items expressly excepted from the magistrate's authority by 28 U.S.C. § 636(b)(1)(A). The matters listed in 28 U.S.C. § 636(b)(1)(A) are dispositive while, *in general*, other matters are non-dispositive. *See* Fed. R. Civ. P. 72; *see also* 12 Charles Alan Wright et. al., Federal Practice & Procedure § 3068.2 (2d ed. 2015).

Though the list contained in 28 U.S.C. § 636(b)(1)(A) appears to be exhaustive—after all, the statute empowers a magistrate judge to "hear and determine" any pretrial matter "except" those listed—the Supreme Court has identified some judicial functions as dispositive notwithstanding the fact that they do not appear in the list. *See, e.g.*, *Gomez v. United States*, 490 U.S. 858, 873–74 (1989) (holding that jury selection is more akin to a dispositive matter and so could not be conducted by a magistrate). To determine whether a motion is dispositive, we have adopted a functional approach that "look[s] to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'" *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) (quoting *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990)); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (("[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a

magistrate judge lacks the authority to 'determine' the matter." (citation omitted)).

Other courts of appeals have considered whether a remand motion is dispositive under 28 U.S.C. § 636(b)(1)(A) and have adopted a similar approach. For example, the Sixth Circuit engaged in a "functional analysis of the [remand] motion's potential effect on litigation." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001). Similarly, the Second Circuit explained that it was following the approach adopted by the Third, Sixth, and Tenth Circuits by "analyz[ing] the practical effect of the challenged action on the instant litigation" to determine whether a motion is dispositive. *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). We employ the functional approach required by our precedent and adopted by our sister circuits.

2

Each of our sister circuits to consider the question has held that a motion to remand is a dispositive one, and therefore concluded that a remand order is beyond the power of a magistrate judge to issue. *Williams*, 527 F.3d at 266; *Vogel*, 258 F.3d at 517; *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). The essential reasoning of those cases is that because such a remand order is "dispositive insofar as proceedings in the federal court are concerned," a motion to remand is a dispositive order under 28 U.S.C. § 636(b)(1)(A). *In re U.S. Healthcare*, 159 F.3d at 145. Since such an order "preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute," these courts have reasoned that a magistrate judge lacks the power to issue it. *Id*.

We have previously held that remand orders possess "important elements of finality, at least with respect to federal court proceedings, because [they] put the parties 'effectively out of *federal* court.'" *Harmston*, 627 F.3d at 1278–79 (emphasis in original) (quoting *Cal. Dept. of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1094 (9th Cir. 2008)). Our recognition that remand orders put litigants out of federal court accords with other courts of appeals' observations that the effect of a remand order is to end all federal proceedings.

We therefore agree with our sister circuits. Because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case, we hold that a motion to remand is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge. Thus, a magistrate judge presented with a motion for remand "should provide a report and recommendation to the district court that is subject to *de novo* review . . . ." *Williams*, 527 F.3d at 266.

### B

Yet, even if a remand order is beyond the power of a magistrate to issue, Dr. Flam is not entitled to the relief he seeks if 28 U.S.C. § 1447(d) bars review of the magistrate judge's order. Ms. Flam contends that the district court correctly decided that it does just that.

In relevant part, 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was

removed is not reviewable on appeal or otherwise . . . ."[1]
While we have read this statute broadly to "preclude not only
appellate review but also reconsideration by the district
court," *Seedman v. U.S. District Court for the Cent. District
of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988), we have also
recognized that the rule is not without exceptions. For
example, in *Seedman*, we explained that the Supreme Court
had limited the scope of the general rule established by
section 1447(d). *Id.* More recently, we have recognized that
"[a]lthough [the language of section 1447(d)] appears
comprehensive, the Supreme Court has explained that the
provision does not prohibit review of all types of remands."
*Powerex*, 533 F.3d at 1091.

Most relevant here, in *Thermtron Products, Inc. v.
Hermansdorfer*, the Court held that "[s]ection 1447(d) is not
dispositive of the reviewability of remand orders in and of
itself" because it and "§ 1447(c) must be construed together
. . . ." 423 U.S. 336, 345 (1976), *superseded by statute on
other grounds by* 28 U.S.C. § 1447(c).[2] Thus, the Court

---

[1] The statute goes on to except cases "removed pursuant to section 1442
[and] 1443" and states that such cases "shall be reviewable by appeal or
otherwise." Section 1442 refers to suits against federal officers or
agencies, and section 1443 refers to civil rights cases. *See* 28 U.S.C.
§§ 1442–1443. Neither exception is implicated in this case.

[2] Section 1447(c) states that "[a] motion to remand [a] case on the basis
of any defect other than lack of subject matter jurisdiction must be made
within 30 days after the filing of the notice of removal" but that a remand
based on lack of subject matter jurisdiction may be made at any time.
28 U.S.C. § 1447(c). Though Congress has amended section 1447(c)
several times since *Thermtron*, the Supreme Court has assumed that those
amendments are "immaterial to *Thermtron*'s gloss on § 1447(d)."
*Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230 (2007).

explained, "only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)." *Id.* at 346. For our part, we have interpreted the Court's guidance to mean that where a "court lacked authority to remand under section 1447(c), section 1447(d) would not preclude review." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003).

Three of the four courts of appeals to consider whether a magistrate judge can issue a remand order have also considered whether 28 U.S.C. § 1447(d) bars review of a magistrate judge's remand order, and each has concluded that it does not.[3] The Third Circuit reasoned that it seemed "evident that if an order of a district judge remanding a case is not insulated from review unless issued for a reason set forth in section 1447(c) . . . then an order of a magistrate judge that could not be issued pursuant to section 1447(c) because of the magistrate judge's lack of authority to issue it[] is not insulated from review by section 1447(d)." *In re U.S. Healthcare*, 159 F.3d at 146. The Second and Sixth Circuits have also adopted that approach. *See Williams*, 527 F.3d at 262–64; *Vogel*, 258 F.3d at 518–19.

Like our sister circuits, we have already concluded that a magistrate judge cannot properly issue a remand order under

---

We have done the same. *See, e.g.*, *Atlantic Nat'l. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 935 (9th Cir. 2010).

[3] In the other case, *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000), the court had no need to confront this question because the case involved one of 28 U.S.C. § 1447(d)'s exceptions.

28 U.S.C. § 636(b)(1)(A), and thus the magistrate judge in this case lacked the authority to remand the case to state court. *See supra* Part III.A.2. Because the magistrate lacked the authority to issue a remand order under section 1447(c), section 1447(d) poses no bar to review under our precedent. *Kelton Arms*, 346 F.3d at 1191; *see also Powerex*, 533 F.3d at 1091 ("'[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).'" (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995))). The district court therefore erred when it concluded that it could not review the magistrate judge's remand order.

IV

The judgment of the district court is **REVERSED**. The case is **REMANDED** to the district court with instructions to consider Ms. Flam's motion to remand in the first instance or to request that the magistrate judge prepare a report and recommendation regarding that motion.