FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CPC PATENT TECHNOLOGIES PTY LTD.,

*Petitioner-Appellant*,

v.

APPLE, INC.,

*Respondent-Appellee.*

No. 21-16212

D.C. No. 5:21-mc-80091-JST

OPINION

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted April 11, 2022
San Francisco, California

Filed May 18, 2022

Before:  MILAN D. SMITH, JR., JACQUELINE H. NGUYEN, and DANIEL A. BRESS, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

**SUMMARY***

**Magistrate Judge Jurisdiction / Application to
Compel Discovery**

The panel vacated a district judge's order declining to
overturn a magistrate judge's denial of CPC Patent
Technologies PTY Ltd.'s application pursuant to 28 U.S.C.
§ 1782 to compel Apple, Inc. to turn over documents, which
CPC seeks to use in a potential lawsuit in Germany against
an Apple affiliate, and remanded for further proceedings.

The district judge reviewed the magistrate judge's
decision for clear error.

Applying 28 U.S.C. § 636(b) and its procedural
counterpart, Federal Rule of Civil Procedure 72, the panel
held that CPC's § 1782 application was a dispositive matter
because the magistrate judge's order denied the only relief
sought by CPC in this federal case:  court-ordered discovery.
Because both parties did not consent to magistrate judge
jurisdiction, the magistrate judge lacked jurisdiction to enter
an order denying the application, and the district court
should have treated the magistrate judge's ruling at most as
a non-binding recommendation subject to de novo review.
The panel therefore remanded for the district court to apply
the correct standard of review, and left it to the district court
to determine whether the case would benefit from further
analysis and review by the magistrate judge.

---

*** This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Christina N. Goodrich (argued), K&L Gates LLP, Los Angeles, California; George Summerfield, K&L Gates LLP, Chicago, Illinois; for Petitioner-Appellant.

Tony Nguyen (argued), Fish & Richardson P.C., Houston, Texas; Seth M. Sproul and John W. Thornburgh, Fish & Richardson P.C., San Diego, California; Eda Stark, Fish & Richardson P.C., Atlanta, Georgia; for Respondent-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

Appellant CPC Patent Technologies PTY Ltd. seeks documents to use in a potential lawsuit in Germany against an affiliate of appellee Apple, Inc. CPC filed an application in federal court seeking to compel Apple to turn over these documents pursuant to 28 U.S.C. § 1782, which allows district courts to provide discovery assistance to foreign or international tribunals. After a magistrate judge denied the petition, a district judge reviewed the magistrate judge's decision for clear error and declined to overturn it. We vacate the district court's order and remand for further proceedings because the district judge should have reviewed the magistrate judge's decision de novo.

**BACKGROUND**

**I.  Statutory Framework**

This case addresses how the construction of one federal statute impacts the application of a second federal statute.

The first statute is 28 U.S.C. § 636, which describes the limited powers of federal magistrate judges. Section 636(b)(1) and its procedural counterpart, Federal Rule of Civil Procedure 72, create a distinction between "non-dispositive" pretrial motions that may be referred to a magistrate judge for a decision and "case-dispositive motions" that "may be referred only for evidentiary hearing, proposed findings, and recommendations" to the district court unless the parties agree otherwise. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc)).[1]  When a magistrate judge rules on a non-dispositive matter, a district judge may "reconsider" that ruling only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a).  But when a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

The second statute at issue here is 28 U.S.C. § 1782, which empowers a district court to provide discovery assistance to foreign or international tribunals, as well as to litigants in such proceedings.  As relevant here, the statute states that:

> The district court of the district in which a
> person resides or is found may order him to

---

[1] A magistrate judge may rule on dispositive matters and enter judgment with the parties' consent, in which case the magistrate judge's order is directly appealable to the proper court of appeals in the same manner as a district judge's order would be.  28 U.S.C. §§ 636(c)(1) & (c)(3).  However, it is undisputed that the magistrate judge here lacked consent from the parties to rule on dispositive matters.

give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure . . . for taking the testimony or statement or producing the document or other thing.

28 U.S.C. § 1782(a). "[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov v. Prosyankin*, 931 F.3d 922, 926 (9th Cir. 2019). The threshold question in this case is whether a magistrate judge's denial of a § 1782 application that seeks an order to produce documents for use in a foreign tribunal is better understood as a non-dispositive discovery ruling or a case-dispositive decision.

## II. Factual and Procedural Background

CPC is an investment company that recently acquired a portfolio of patents related to biometric security. In February 2021, it sued Apple in the Western District of Texas, alleging that several Apple products (including "iPhones, iPads, and personal computers") infringe patents in the portfolio.

Two months later, CPC filed a petition for discovery pursuant to § 1782 in the Northern District California. CPC explained that it "intends to file suit . . . against Apple Retail Germany B.V. & Co. KG in Germany" for infringing the German equivalent of a patent asserted in the Texas action, and asked for an order requiring Apple, Inc. to produce documents "sufficient to describe" certain subject matter on that basis. The matter was assigned to a magistrate judge pursuant to the Northern District of California's General Order No. 44(E)(3),[2] which provides that "all civil miscellaneous matters" will be assigned to a magistrate judge by default. The magistrate judge denied CPC's petition, explaining that while CPC had satisfied § 1782's statutory prerequisites,[3] its fifteen document requests were unduly burdensome. The magistrate judge also said that he was reluctant to order discovery given that Apple and CPC were "currently engaged in litigation" in the Western District of Texas, meaning that they were "able to discuss and negotiate information sharing in an already established venue."

CPC moved for de novo review of the magistrate judge's order by a district judge pursuant to Federal Rule of Civil Procedure 72. The district judge denied the motion in a brief order, determining at the outset that the clear error standard

---

[2]    *Available    at*    https://www.cand.uscourts.gov/wp-content/uploads/general-orders/GO_44_01-01-2018.pdf.

[3] An interested person or entity may file a § 1782 application even if the relevant foreign proceedings are not "pending" or "imminent," so long as the proceedings are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). The magistrate judge concluded that CPC's stated intent to use the discovery sought in its § 1782 application to "initiate a lawsuit in Germany" satisfied this standard. That determination is not at issue in this appeal.

of review applied instead of a de novo standard, and concluding that the magistrate judge's order withstood scrutiny under this framework.

## ANALYSIS

We hold that the magistrate judge was deciding a dispositive matter when he denied CPC's § 1782 application.  Consequently, the district judge should have reviewed the magistrate judge's findings de novo rather than applying the deferential clear-error standard of review.[4]

## I.  Appellate Jurisdiction

As a preliminary matter, the parties agree that we have appellate jurisdiction over this case pursuant to 28 U.S.C. § 1291.  Nonetheless, we briefly analyze the basis for our jurisdiction because we have an independent duty to do so, *see, e.g.*, *Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1157 (9th Cir. 2017), and because the analysis provides a useful reference point for our later discussion about the proper standard of review.

28 U.S.C. § 1291 vests federal courts of appeal with jurisdiction over "all final decisions of the district courts." A "final" decision is one "that places the parties 'effectively out of [federal] court.'"  *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1094 (9th Cir. 2008) (quoting *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n.2 (1962) (per curiam)); *see also id.* ("'effectively out of court'

---

[4] To the extent Apple invites us to do so, we decline to speculate that the district judge really reviewed the magistrate judge's order de novo: the district judge expressly concluded that the clear error standard applied, mentioned the standard throughout the order, and indicated that he was required to defer to the magistrate judge's judgment.

means effectively out of *federal* court" (cleaned up)). This test is satisfied when "the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996)); *accord Powerex*, 533 F.3d at 1096; *see also Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) ("A final [decision] under § 1291 is 'a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

Consistent with these standards, most federal courts of appeals to have considered the matter "have ruled that they have appellate jurisdiction over orders issued under § 1782" pursuant to § 1291 "without qualification or exception." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 566 (9th Cir. 2011) (collecting cases). That is because, unlike an ordinary discovery order that is just one step in an ongoing federal case, "[o]nce the district court has ruled on the parties' [§ 1782] motion[] . . . there is no further case or controversy before the district court." *Id.* We have no difficulty concluding that appellate jurisdiction exists here pursuant to the general rule. The only relief sought by CPC in this federal case was court-ordered discovery pursuant to § 1782. When the magistrate judge denied this relief and the district judge affirmed the denial,[5] there were

---

[5] Because we conclude in Part II that the magistrate judge's decision had no binding force, and that the district court should have considered de novo whether discovery was warranted under § 1782, the relevant "final decision" for our purposes is the district judge's order rather than the magistrate judge's decision. *See also Phillips v. Beierwaltes*,

no further issues for the federal court to resolve, and so the district court's order was "final."

We note that the Ninth Circuit has taken a slightly "less absolute" approach to appellate jurisdiction over § 1782 orders than do other circuits, recognizing a "narrow" exception to the general rule articulated above when a § 1782 application for a subpoena is granted and the subpoena is issued to a party that is also a litigant in the foreign proceeding. *Id.* at 566–67. "[W]hen the subject of [a § 1782] subpoena in the federal case is also a party to the foreign litigation . . . [a]ppellate jurisdiction lies only if the interested party suffers contempt" for disobeying the subpoena. *Id.* at 567 (citing *In re Letters Rogatory from Haugesund, Norway*, 497 F.2d 378, 380–81 (9th Cir. 1974)). However, that exception does not logically extend to cases such as this where the court declined to issue a discovery order that could later be disobeyed. Consequently, the general rule applies, and we have appellate jurisdiction.

## II. Proper Standard of Review

As explained above, the standard of review a district court must apply to the denial of a § 1782 application turns on whether the magistrate judge's decision was dispositive within the meaning of 28 U.S.C. § 636. The parties have not directed us to any published decision by a federal court of appeals directly addressing this question.[6] CPC's opening

---

466 F.3d 1217, 1222 (10th Cir. 2006) ("Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782, it was not a final appealable order until the district court acted on it.").

[6] CPC's opening brief claimed that the Second Circuit has "recognized that an order on a § 1782 petition is a dispositive ruling,"

brief relied heavily on a separate opinion by a member of our court, Judge Callahan, concluding that a motion to quash a § 1782 subpoena is a case-dispositive matter. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 931 & n.3 (9th Cir. 2019) (Callahan, J., concurring in the judgment and dissenting).

Having considered the issue independently, we agree with the relevant portions of Judge Callahan's analysis,[7] and conclude that the district court should have treated the magistrate judge's order as a non-binding recommendation and applied the de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

citing *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011). However, *Berlinger* held only that "an order granting or denying discovery" under § 1782 is an appealable final decision pursuant to 28 U.S.C. § 1291. 629 F.3d at 306. It did not address whether such an order is dispositive, or even involve a magistrate judge at all. As for Apple, its answering brief claimed that our court has already spoken to the proper standard of review in § 1782 cases. That is incorrect for the reasons given in Part II.c of this opinion, and Apple admitted at oral argument that we are faced with "a case of first impression."

[7] CPC and Apple disagree as to what label (and, by implication, authoritative weight) we should apply to Judge Callahan's separate opinion. What matters for our purposes is that the relevant portions of Judge Callahan's opinion did not conflict with the majority opinion, which did not address the issue we resolve today. *See Khaprunov*, 931 F.3d at 923, 925–26 (vacating and remanding for further fact-finding without discussing standard of review); *see also id.* at 926 (N.R. Smith, J., concurring) (stating that Judge Callahan's separate opinion "about an issue of first impression does not directly bear on our resolution and demands no substantive response"). This means that we are not foreclosed from considering the validity of her reasoning.

### a.  Determining Whether a Matter is "Dispositive"

As explained previously, a magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent.  Though the statute itself does not use this terminology, courts have interpreted 28 U.S.C. § 636(b)(1)(A) to create a dichotomy between dispositive and non-dispositive motions or matters.  *See Flam*, 788 F.3d at 1046.  The distinction is now also expressly recognized in Federal Rule of Civil Procedure 72.  Briefly, the rationale for this categorization is as follows.   Section 636(b)(1)(A) begins by stating that magistrate judges may decide any "pretrial matter," and then lists several exceptions, such as motions for summary judgment, motions for judgment on the pleadings, motions for class certification, and motions to suppress evidence in a criminal case.  *But see also* 28 U.S.C. § 636(b)(1)(B) (magistrate judge may issue non-binding report and recommendation on such matters); Fed R. Civ P. 72(b) (same).   "The matters listed in 28 U.S.C. § 636(b)(1)(A)"—i.e., those that a magistrate judge may not decide without the parties' consent—"are dispositive while, *in general*, other matters are non-dispositive."   *Flam*, 788 F.3d at 1046 (citing Fed. R. Civ. P. 72).

"Though the list contained in 28 U.S.C. § 636(b)(1)(A) appears to be exhaustive . . . the Supreme Court has identified some judicial functions as dispositive notwithstanding the fact that they do not appear in the list. To determine whether a motion is dispositive, [this court has] adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party."  *Id.* (cleaned up) (noting, for example, that the Supreme Court has treated jury selection as a dispositive matter).  A decision that effectively denies "the

ultimate relief sought" by a party or disposes of "any claims or defenses" is dispositive. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013).

### b. Application of the Functional Test

We conclude that CPC's § 1782 application was a dispositive matter because the magistrate judge's order denied the only relief sought by CPC in this federal case: court-ordered discovery. *See id.* at 1260. We acknowledge that pretrial discovery disputes are routinely resolved by magistrate judges in other contexts. However, this appeal presents an atypical situation. Usually, when a magistrate judge rules on a discovery matter, the discovery sought is part of an ongoing civil case in that same federal court for monetary damages, injunctive relief, or the like. Conversely, here we deal with a "freestanding subpoena request" that "was filed on its own and not in conjunction with" another federal lawsuit. *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 879 (N.D. Cal. 2020) (holding such a request under the Digital Millennium Copyright Act was a dispositive matter); *cf. Khrapunov*, 931 F.3d at 932 (Callahan, J., concurring in the judgment and dissenting) (citing Third, Fourth, Fifth, and Eighth Circuit cases holding that "a ruling on a motion to enforce an administrative subpoena" issued pursuant to 29 U.S.C. § 161 "is dispositive"). A ruling on such a request necessarily disposes of "the ultimate relief sought" in the federal case. *CMKM Diamonds*, 729 F.3d at 1260.

It is hard to see how we could reconcile a contrary holding with our earlier holding that we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Just as an order denying a § 1782 application for discovery is "final" in the sense of resolving the entire case presented to the federal court, such an order rules on a "dispositive matter" by

denying "the ultimate relief sought" in the federal case, *CMKM Diamonds*, 729 F.3d at 1260, namely the issuance of an order to produce documents. *Cf. Flam*, 788 F.3d at 1047 (analogizing test for dispositive motion to test for finality).

The foregoing analysis properly focuses only on the proceedings in federal court: our precedents indicate that we must treat CPC's § 1782 application as dispositive of the federal court proceedings, and not as merely ancillary to the contemplated proceedings in Germany. As with our earlier discussion concerning the definition of a "final decision" for appellate jurisdiction purposes, we have made clear in cases such as *Flam* that only the proceedings in federal court are relevant to determining whether a matter is case-dispositive. *Flam* held that a motion to remand a case to state court is a dispositive matter under this court's functional test "[b]ecause a . . . remand order is dispositive of all *federal* proceedings in a case." 788 F.3d at 1047 (emphasis added); *cf. Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273, 1278–79 (9th Cir. 2010) (a remand order is an appealable final decision for purposes of § 1291 because it concludes the proceedings in federal court). Conversely, a motion to transfer a case from one federal district court to another is a non-dispositive matter. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022). It would be inconsistent to treat the denial of court-ordered discovery pursuant to § 1782 as merely ancillary to a foreign proceeding when a remand to state court is not treated that way. Both orders effectively cut off all avenues for relief in federal court, even if they leave major substantive issues to be determined by other tribunals.

Consequently, CPC's application for court-ordered discovery pursuant to § 1782 was a dispositive matter. Because both parties did not consent to magistrate judge

jurisdiction, the magistrate judge here lacked authority to issue a binding ruling that denied the application.

### c. Apple's Remaining Counterarguments

Apple's two remaining counterarguments against this result are unpersuasive.  First, Apple directs us to *Four Pillars Enterprises Co. v. Avery Dennison Corp.*, which reviewed a magistrate judge's order denying relief under § 1782 for abuse of discretion.  *See* 308 F.3d 1075, 1078 (9th Cir. 2002).  Apple argues that *Four Pillars*'s application of the abuse of discretion standard to a magistrate judge's order (as opposed to the district judge's order affirming it) implies that "the magistrate judge's order is not treated as a mere recommendation subject to *de novo* review."

However, as Apple effectively conceded at oral argument, *Four Pillars* "did not decide, let alone consider, the issue presented here—whether rulings on § 1782 applications are dispositive."  *Khrapunov*, 931 F.3d at 933 (Callahan, J., concurring in the judgment and dissenting).  As Judge Callahan previously explained, *Four Pillars* "had no occasion to consider the issue because the appellant did not raise it.  Instead, the appellant argued only that the magistrate judge abused his discretion in denying the discovery, implicitly conceding that the magistrate judge was authorized to decide its discovery request under § 1782."  *Id.*; *see Four Pillars*, 308 F.3d at 1078 (applying abuse of discretion standard without analyzing whether magistrate judge's order was dispositive).  Consequently, *Four Pillars* is not binding or even instructive.**[8]**  *See, e.g.*,

---

**[8]** We are unpersuaded by the non-binding district court decisions cited by Apple that have read *Four Pillars* as indicating that rulings on § 1782 applications are non-dispositive.  *See Snowflake Inc. v. Yeti Data,*

*Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

Second, Apple argues that a § 1782 order does not rule on a dispositive matter because there may still be other issues for the court to rule on afterward. "For example," Apple's brief says, "the subpoenaed party may object to the subpoena as a whole and file a motion to quash. . . .  As another example, . . . the parties may disagree as to the proper scope of the subpoena's requests and may ask the magistrate judge for a ruling on the correct scope."

Assuming *arguendo* that these examples bear on this case—where the district court declined to issue a subpoena requiring enforcement or clarification—the problem for Apple is that the examples involve proceedings that are just incidental to the underlying discovery order.  They can be likened to post-judgment proceedings in an ordinary civil case, such as a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60, or a Rule 59(e) motion to alter or amend a judgment.  The possibility of these later challenges does not negate the dispositive nature of the

---

*Inc.*, No. 20-MC-80190-EMC, 2021 WL 1056550, at *3 (N.D. Cal. Mar. 18, 2021); *In re Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp.*, No. 17-MC-80071-BLF, 2017 WL 4647753, at *2 (N.D. Cal. Oct. 16, 2017) (*Nikon*); *In re Application of Rainsy*, No. 16-MC-80258-DMR, 2017 WL 528476, at *1 n.1 (N.D. Cal. Feb. 9, 2017).  These decisions overread *Four Pillars* in the same way that Apple has, citing each other for support and providing little independent analysis of how to apply our court's functional test.  *See Rainsy*, 2017 WL 528476, at *1 n.1 (citing *Four Pillars* and concluding in a single sentence that a § 1782 application "appears" to be non-dispositive); *Nikon*, 2017 WL 4647753, at *2 (citing *Rainsy*, 2017 WL 528476, at *1 n.1); *Snowflake*, 2021 WL 1056550, at *3 (citing *Nikon*, 2017 WL 4647753, at *2).

dismissal, summary judgment, or other motion leading to the judgment. *See* 28 U.S.C. § 636(b)(1)(A) (listing motions a magistrate judge lacks authority to rule on); Fed. R. Civ. P. 72(b)(1) (same, and labeling these "dispositive"); *see also Khrapunov*, 931 F.3d at 933 (Callahan, J. concurring in the judgment and dissenting) ("[Appellant] argues that the denial of a motion to quash in a § 1782 proceeding is non-dispositive because the prospect of additional litigation remains if, for example, the subpoenaed party fails to comply with the court's order. But that possibility exists in virtually all cases, even after the entry of a final judgment.").

## CONCLUSION

CPC's application for discovery relief pursuant to § 1782 presented a dispositive matter for decision. Because the magistrate judge lacked the consent of the parties to rule on such matters, he lacked jurisdiction to enter an order denying the application, and the district court should have treated the magistrate judge's ruling at most as a non-binding recommendation subject to de novo review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b). For that reason, we vacate the district court's decision and remand so that the district court can apply the correct standard of review. *See, e.g.*, *Mitchell v. Valenzuela*, 791 F.3d 1166, 1173–74 (9th Cir. 2015) (remanding without inquiry into harmlessness to allow district court to apply correct standard of review to magistrate judge decision); *Flam*, 788 F.3d at 1048 (same). We leave it to the district court to determine in the first instance whether, applying a de novo standard, the magistrate judge's reasons for denying discovery withstand

scrutiny, and whether this case would benefit from further analysis and review by the magistrate judge.[9]

**VACATED AND REMANDED.**

---

[9] CPC's motion to take judicial notice of certain court documents, Dkt. No. 11, is **DENIED** as moot.