NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESHON AARON ATKINS, Petitioner-Appellant, v. W. L. MONTGOMERY, Acting Warden, Respondent-Appellee. | No. 20-56007 D.C. No. 2:18-cv-06877-DOC-MAA MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 15, 2024**
Pasadena, California

Before: PAEZ and SANCHEZ, Circuit Judges, and LYNN,*** Senior District
Judge.

Deshon Aaron Atkins appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. The certified issue on appeal is

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, Senior United States District
Judge for the Northern District of Texas, sitting by designation.

whether the magistrate judge exceeded her authority in determining, without the consent of the parties, that Atkins's August 10, 2018, petition was a mixed petition, subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), which resulted in the voluntary dismissal of his unexhausted claims. We have jurisdiction to review the appeal under 28 U.S.C. §§ 1291 and 2253. We affirm.

Atkins was convicted by a jury in California state court of two counts of attempted murder. After he appealed unsuccessfully to the California Court of Appeals, on March 28, 2018, the California Supreme Court denied Atkins's petition for review.

On August 10, 2018, acting *pro se*, Atkins filed the underlying Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Central District of California, seeking relief on three grounds: (1) insufficient evidence to support the jury's attempted murder finding on Count 4, (2) ineffective assistance of counsel at trial, and (3) lack of proof for the jury's finding as to a certain gun enhancement on hearsay grounds. The Petition expressly noted that "Grounds #2 and #3 were not presented to the California Supreme Court."

The case was referred to a magistrate judge for pretrial matters. Before the government appeared, the magistrate judge issued a minute order stating that "it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition because Petitioner has not exhausted his state

remedies in regard to Grounds Two and Three." The minute order further stated that, before deciding the matter, the magistrate judge would give Atkins an opportunity to address the exhaustion issue by electing one of four options: (1) file a notice of withdrawal of his unexhausted claims in Grounds Two and Three, and proceed solely on his exhausted claim in Ground One; (2) demonstrate that Grounds Two and Three are, in fact, exhausted; (3) file a notice of voluntary dismissal of the Petition without prejudice, so as to exhaust all state remedies before refiling in federal court; and (4) file a motion to hold his current federal habeas petition in abeyance while he returns to state court to exhaust his state remedies with respect to his unexhausted claims in Grounds Two and Three. In response, Atkins withdrew his claims based on Grounds Two and Three. The magistrate judge subsequently entered a report, recommending that Atkins's Petition be denied, which the district court accepted.

A petition filed under § 2254 shall not be granted unless the petitioner has "exhausted the remedies available in the courts of the State," and "fairly present[ed]" the federal claims in state court. 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). In *Rose v. Lundy*, 455 U.S. at 510, 522, the Supreme Court imposed a "total exhaustion" requirement, such that district courts are required to dismiss without prejudice "mixed" petitions that contain both exhausted and unexhausted claims.

3

On appeal, Atkins argues that, in deciding the exhaustion issue and issuing the "option order" offering Atkins various choices as a result, the magistrate judge exceeded her authority. The authority of magistrate judges "is a question of law subject to *de novo* review." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994)).

The power of federal magistrate judges is limited by 28 U.S.C. § 636. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015). Under § 636, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain motions enumerated under § 636(b)(1)(A) and other analogous dispositive judicial functions. 28 U.S.C. § 636(b)(1)(A); *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). To determine whether a motion is dispositive, we employ a "functional approach," which looks "to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'" *Flam*, 788 F.3d at 1046 (quoting *United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)).

District courts are permitted to *sua sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion. *See Day v. McDonough*, 547 U.S. 198 (2006). Moreover, preliminarily identifying a claim as "unexhausted" is not a dispositive matter, particularly where Atkins stated in the

4

Petition that two of his claims were not raised below. Thus, because the magistrate judge gave Atkins fair notice and an opportunity to respond to her finding that the Petition was mixed, the magistrate judge did not exceed her authority by *sua sponte* evaluating the Petition and making a preliminary determination that Grounds Two and Three were unexhausted.

In addition, the magistrate judge's options order, which offered Atkins choices in response to her preliminary determination that the Petition was mixed, did not constitute a dispositive order under § 636(b)(1)(B) such that the magistrate judge was unauthorized to issue it. The options order did not dispose of a claim or defense of a party, or preclude the ultimate relief sought. *See Flam*, 788 F.3d at 1046. Instead, the order offered options that would have preserved the viability of Atkins's unexhausted claims, including inviting Atkins to demonstrate exhaustion or seek a stay to be able to return to state court and perfect exhaustion. The inclusion of these non-dispositive options distinguishes this case from this Circuit's precedent in *Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004), in which both options presented to the petition in that case required the dismissal of at least some claims.

Atkins further argues the magistrate judge failed to provide meaningful assistance in exhausting his claims and should have done more to take his *pro se* status into account. Under *Pliler v. Ford*, 542 U.S. 225, 231 (2004), "[d]istrict

5

judges have no obligation to act as counsel or paralegal to *pro se* litigants." As such, the magistrate judge was under no obligation to provide additional guidance or instruction to Atkins on account of his *pro se* status, and was not required to take into account the amount of time remaining on Atkins's one-year statute of limitations in requiring a response to her order.

**AFFIRMED.**