**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANASTACIO G. RAMIREZ,

Petitioner-Appellant,

v.

MARTIN GAMBOA,

Respondent-Appellee.

No.    21-55770

D.C. No.
2:18-cv-03628-PSG-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted July 15, 2024
Pasadena, California

Before:  PAEZ and SANCHEZ, Circuit Judges, and LYNN,[**] Senior District
Judge.

Anastacio Ramirez appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.  The certified issue on appeal is

whether the magistrate judge exceeded her authority in determining that Ramirez's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barbara M. G. Lynn, United States Senior District
Judge for the Northern District of Texas, sitting by designation.

April 30, 2018, petition was a mixed petition, subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), which resulted in Ramirez's voluntary dismissal of two of his claims. We have jurisdiction to review the appeal under 28 U.S.C. §§ 1291 and 2253. We affirm.

Ramirez was convicted by a jury in California state court of two counts of unlawful acts with a child 10 years old and younger, and one count of continuous sexual abuse. On April 30, 2018, Ramirez, acting *pro se*, filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, in the Central District of California, seeking relief on four grounds: (1) ineffective assistance of trial counsel, arguing that the victim recanted and that Ramirez had been tricked into admitting guilt; (2) trial and appellate counsel's failure to take certain actions, (3) appellate counsel's failure to file a timely notice of appeal; and (4) a violation of Ramirez's rights under the Confrontation Clause of the Sixth Amendment.

The case was referred to a magistrate judge for pretrial matters. On June 4, 2018, Respondent Scott Frauenheim,[1] Warden of Pleasant Valley State Prison, appeared and move to dismiss the Petition as mixed or to strike Grounds One and Four as unexhausted. The next day, the magistrate judge issued an order in which she preliminarily found that Grounds One and Four of the Petition were

---

[1] On November 16, 2022, Martina Gamboa, Acting Warden of Avenal State Prison, was substituted as Appellee–Respondent following a change in the place of Ramirez's incarceration.

2

unexhausted. She also told Ramirez that if he believed the Petition to be fully exhausted, he was to provide "any additional argument and documents supporting [his] claim of exhaustion."

In addition to affording him the opportunity to establish exhaustion, the magistrate judge gave Ramirez the following options: (1) voluntarily dismiss the Petition without prejudice to exhaust Grounds One and Four; (2) dismiss Grounds One and Four and proceed with the remaining exhausted claims; (3) seek a stay of the case pursuant to *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005); or (4) seek a stay of the case pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). The magistrate judge instructed Ramirez to file a response indicating his selection, along with any argument as to whether the Petition was mixed. In response, Ramirez voluntarily dismissed Grounds One and Four, and the magistrate judge denied Respondent's motion to dismiss as moot. The magistrate judge subsequently entered a report, recommending that Ramirez's Petition be denied, which the district court accepted.

A petition filed under § 2254 shall not be granted unless the petitioner has "exhausted the remedies available in the courts of the State," and "fairly present[ed]" the federal claims in state court. 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). In *Rose v. Lundy*, 455 U.S.at 510, 522, the Supreme Court imposed a "total exhaustion" requirement, such that

3

district courts are required to dismiss without prejudice "mixed" petitions that contain both exhausted and unexhausted claims.

On appeal, Ramirez argues that, in deciding the exhaustion issue and issuing the "options order" offering Ramirez various choices, the magistrate judge exceeded her authority. The authority of magistrate judges "is a question of law subject to *de novo* review." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *United States v. Carr*, 18 F.3d 738, 740 (9th Cir. 1994)).

The power of federal magistrate judges is limited by 28 U.S.C. § 636. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015). Under § 636, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain motions enumerated under § 636(b)(1)(A) and other analogous dispositive judicial functions. 28 U.S.C. § 636(b)(1)(A); *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). To determine whether a motion is dispositive, we employ a "functional approach," which looks "to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'" *Flam v. Flam*, 788 F.3d at 1046 (quoting *United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)).

Preliminarily identifying a claim as "unexhausted" is not a dispositive matter. The magistrate judge's preliminary view that the Petition contained

4

unexhausted claims did not constitute a ruling on Respondent's motion to dismiss, so as to trigger an obligation to submit a report and recommendation to the district court for review under § 636(b)(1)(A). The options order did not dispose of a claim or defense of a party, or preclude the ultimate relief sought. *See id.* Instead, the order offered options, including inviting Ramirez to demonstrate exhaustion or seek a stay to be able to return to state court and perfect exhaustion. The inclusion of these non-dispositive options distinguishes this case from this Circuit's precedent in *Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004), in which both options presented to the petitioner in that case required the dismissal of at least some claims. Thus, because the magistrate judge's order giving Ramirez options did not resolve or decide Respondent's motion to dismiss, it was not a dispositive order requiring a report and recommendation under § 636(b)(1)(A).

**AFFIRMED**.